Ronald D. Balfour (IL. SBN 6307658) (*PHV forthcoming*)
  rbalfour@amundsendavislaw.com
**AMUNDSEN DAVIS LLC**
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois  60601
Telephone:  (312) 894-3360
Facsimile:  (312) 894-3210

Dan L. Longo (SBN 105988)
  dlongo@murchisonlaw.com
Gina E. Och (SBN 170520)
  goch@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336

Attorneys for Defendant, AWESOME LIFE GROUP, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JESSICA NUNGARAY<br><br>Plaintiff,<br><br>vs.<br><br>AWESOME LIFE GROUP, LLC<br><br>Defendant. | CASE NO. 5:23-cv-01264-SSS-JC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRANDON WEAVER**<br><br>Date:     October 13, 2023<br>Time:    2:00 p.m.<br>Ctrm:    2, 2nd Floor<br><br>The Hon. Sunshine S. Sykes<br><br>Action Filed:    June 29, 2023<br>Trial Date:      None Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, at 2:00 p.m. on October 13, 2023 before the Honorable Sunshine S. Sykes in Courtroom 2 of the Second Floor of the United States District Court, Eastern Division of California located at 3470 Twelfth Street,

1  Riverside, California 92501; Defendant AWESOME LIFE GROUP, LLC will and
2  hereby does move to dismiss the Complaint, pursuant to Federal Rule of Civil
3  Procedure 12(b)(3) and 28 U.S.C. § 1406.  Alternatively, Defendant moves to transfer
4  this action to United States District Court, Western District of Pennsylvania, pursuant
5  to 28 U.S.C. § 1404.
6      This Motion is made following the conference of counsel pursuant to Local
7  Rule 7-3, which took place beginning on September 7, 2023 and concluding on
8  September 12, 2023.
9      Specifically, in accordance with Section VII(A) of the Court's Civil Standing
10 Order: Ronald Balfour, counsel for Defendant AWESOME LIFE GROUP, LLC,
11 initially emailed Alexander Taylor and Nathan Volheim, counsel for Plaintiff,
12 regarding the bases for this motion, on September 7, 2023. Mr. Volheim responded
13 via email the same day and indicated Plaintiff's position that the language at issue is a
14 choice of law provision that applies to contract interpretation, not venue. Mr. Balfour
15 replied and explained Defendant's position that the contract contained both a choice
16 of law provision and a venue provision, and requested a time when the parties could
17 further meet and confer via telephone.
18     On September 12, 2023, Mr. Balfour and Mr. Taylor met and conferred via
19 telephone for approximately five minutes. During that call, Mr. Taylor reiterated
20 Plaintiff's opposition to the motion. The parties were not able to resolve their
21 disagreement as to whether the language in the contract constituted a forum selection
22 clause.
23     Ultimately, counsel had an email exchange confirming our positions in
24 advance of the week deadline under L.R. 7-3 and while counsel attempted to find
25 time for a telephone call, counsel were unable to actually do so until September 12,
26 2023 in order to confirm our respective positions.
27      This Motion is based upon this Notice of Motion and Motion, the attached
28 Memorandum of Points and Authorities, the concurrently filed Declaration of

1 | Brandon Weaver and the Exhibit attached thereto, the pleadings and other papers on
2 | file in this action, all matters of which judicial notice has been or may be taken, and
3 | such additional authority and argument as may be presented in the reply and at any
4 | hearing on this Motion.

6 | DATED: September 15, 2023        **MURCHISON & CUMMING, LLP**

8 |                                           By:      */s/ Gina E. Och*
9 |                                                  Dan L. Longo
                                                   Gina E. Och
10 |                                                 Attorneys for Defendant, AWESOME LIFE
                                                   GROUP, LLC

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1
I.   INTRODUCTION ............................................................................................... 1
II.  ARGUMENT ...................................................................................................... 2
     A.   Plaintiff Filed this Action in an Improper Venue. ................................... 2
     B.   Alternatively, the Case Should be Transferred. ....................................... 4
          1.   Legal Standard ................................................................................ 4
     C.   Validity of Forum Selection Clause. ........................................................ 6
     D.   Enforceability of Forum Selection Clause. .............................................. 6
          1.   Fraud. .............................................................................................. 7
          2.   Deprivation of Day in Court. .......................................................... 7
          3.   California's Public Policy Interests. ............................................... 9
     E.   Court's Discretion to Retain the Case. ................................................... 10
III. CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

Argueta v. Banco Mexicano, S.A.,
 87 F.3d 320, 324 (9th Cir. 1996) ........................................................................ 2

Atl. Marine Const. Co., Inc. v. United States District Court,
 571 U.S. 49, 59 (2013) ............................................................................... passim

Atlantic Marine." Sun v. Advanced China Healthcare, Inc.,
 901 F.3d 1081, 1087 (9th Cir. 2018) ................................................................... 4

Bay Women's Health, Inc. v. gloStream, Inc.,
 No. C 14-00712 WHA, 2014 WL 1618382, at *3 (N.D. Cal. April 21,
 2014) .................................................................................................................. 10

Cape Flattery Ltd. V. Titan Marc., LLC,
 647 F.3d 914, 922 (9th Cir. 2011) ....................................................................... 3

Cooper v. Slice Techs., Inc.,
 No. 17-CV-02340-LB, 2017 WL 4071373, at *4 (N.D. Cal. Sept. 14,
 2017) .................................................................................................................... 9

Cyber Apps World, Inc. v. EMA Fin., LLC,
 No. 221CV01201JADVCF, 2021 WL 5707725, at *2 (D. Nev. Dec. 1,
 2021) .................................................................................................................... 7

Guimei v. Gen. Elec. Co.,
 172 Cal.App.4th 689, 703 (2009) ...................................................................... 10

Hassanati v. Int'l Lease Fin. Corp.,
 No. CV 11-02251 MMM (MAN), 2012 WL 12950285, at *16 (C.D.
 Cal. August 3, 2012) .......................................................................................... 11

In re Cathode Ray Tube (CRT) Antitrust Litig.,
 No. 1917, 2014 WL 1047207, at *4 (N.D. Cal. Mar. 13, 2014) ......................... 9

John Wyeth & Bro. Ltd. V. CIGNA Int'l Corp.,
 119 F.3d 1070, 1074 (3rd Cir. 1997) ................................................................... 3

Karl v. Zimmer Biomet Holdings, Inc.,
 No. C 18-04176 WHA, 2018 WL 5809428, at *6 (N.D. Cal. Nov. 6,
 2018) .................................................................................................................. 10

King v. Russell,
 963 F.2d 1301, 1304 (9th Cir. 1992) ................................................................... 2

M/S Bremen v. Zapata Off-Shore Co.,
 407 U.S. 1 (1972) ............................................................................................ 5, 6

Murphy v. Schneider Nat.'l, Inc.,
    362 F.3d 1133, 1138 (9th Cir. 2004) .......................................................... 2, 6

Piedmont Label Co. v. Sun Garden Packing Co.,
    598 F.2d 491, 496 (9th Cir. 1979) .................................................................. 2

Reddy v. Mediscribes, Inc.,
    No. EDCV 19-1677 JGB (SPx), 2020 WL 2220202, at *7 (C.D. Cal.
    Feb. 18, 2020) .............................................................................................. 11

Richards v. Lloyd's of London,
    135 F.3d 1289, 1297 (9th Cir. 1998) .............................................................. 7

Scherk v. Alberto-Culver Co.,
    417 U.S. 506, 519 n.14 (1974) ....................................................................... 7

Simula, Inc. v. Autoliv, Inc.,
    175 F.3d 716, 723 (9th Cir. 1999) .................................................................. 8

Wallace v. Int'l Paper Co.,
    No. SACV2000242JVSDFMX, 2020 WL 4938361, at *7 (C.D. Cal. July
    2, 2020) ..................................................................................................... 9, 10

Weber v. PACT XPP Techs., AG,
    811 F.3d 758, 774 (5th Cir. 2016) .................................................................. 8

White Knight Yacht LLC v. Certain Lloyds at Lloyd's London,
    407 F. Supp. 3d 931, 945 (S.D. Cal. 2019) .................................................... 6

Yei A. Sun v. Advanced China Healthcare, Inc.,
    901 F.3d 1081, 1086 (9th Cir. 2018) ...................................................... passim

**STATUTES**

Federal Rule of Civil Procedure 12(b)(3) .............................................................. 2, 4

**OTHER AUTHORITIES**

28 U.S.C. § 1391 ........................................................................................................ 2

28 U.S.C. § 1404(a) .......................................................................................... 4, 5, 10

28 U.S.C. § 1406 ........................................................................................................ 4

28 U.S.C. § 1406(a) ................................................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendant AWESOME LIFE GROUP, LLC ("Awesome Life") is a credit repair organization that helps consumers improve their credit by providing services and assistance designed to help them remove negative items from their credit reports and credit history. (Complaint, ¶ 5 (Dkt. No. 1). Plaintiff JESSICA NUNGARAY ("Nungaray") has a history of bankruptcy and wanted to "go about cleaning up and improving her credit" in 2019. (Id., ¶¶ 8, 11). Nungaray spoke with Awesome Life and ultimately agreed to use its services to try and improve her credit. (Id., ¶¶ 9, 16). Accordingly, as set forth in the Declaration of Brandon Weaver, Awesome Life and Nungaray entered into a contract on July 28, 2021. (Declaration of Brandon Weaver, ¶2.) A true and accurate copy of the contract between Awesome Life and Nungaray is attached to the Motion as Exhibit 1.

This lawsuit arises from allegations that Awesome Life misled Plaintiff by telling her it would be able to get her bankruptcy removed from her credit. (Complaint, ¶¶ 11, 13, 25 (Dkt. No. 1)). Plaintiff generally alleges that venue is proper in this Court because Awesome Life conducts business within this district and a substantial portion of the events or omissions giving rise to the claims occurred within this District. (Id., ¶ 3).

However, the contract between Awesome Life and Nungaray contains a forum selection clause that states the "[s]ole and exclusive jurisdiction for any action or proceeding arising out of or related to this Agreement…or Awesome Life Group, LLC services shall be an appropriate state or federal court located in the State of Pennsylvania." (Exhibit 1, p. 4). Accordingly, California and this District are an improper venue for this action.

For any and all of these reasons, the Court should grant Awesome Life's motion and dismiss this action. Alternatively, the Court should transfer this action to

1 the State of Pennsylvania.

## II.

## ARGUMENT

**A. Plaintiff Filed this Action in an Improper Venue.**

Under Federal Rule of Civil Procedure 12(b)(3), a party may challenge a complaint for improper venue by way of motion. Generally, courts look to the venue provisions set forth in 28 U.S.C. § 1391 to determine whether venue is proper. However, a defendant may move to dismiss pursuant to Rule 12(b)(3) based on a forum selection clause, even if venue would otherwise be proper under 28 U.S.C. § 1391. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Once a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979).

When considering a motion to dismiss for improper venue, a court need not accept the pleadings as true and may consider facts outside of the pleadings. Murphy v. Schneider Nat.'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004). If the court determines that venue is improper, the court must dismiss the action or, if it is in the interests of justice, transfer the action to a district or division in which the action could have been brought. 28 U.S.C. § 1406(a). Whether to dismiss for improper venue is a matter within the sound discretion of the district court. King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

In this case, the allegations in Plaintiff's Complaint and Exhibit 1 to this motion establish that the proper venue is a state or federal court within the State of Pennsylvania. Specifically, the forum selection clause in the parties' contract states the "[s]ole and exclusive jurisdiction for any action or proceeding arising out of or related to this Agreement…or Awesome Life Group, LLC services shall be an appropriate state or federal court located in the State of Pennsylvania." (Exhibit 1, p. 4). The service Awesome Life was to provide included evaluation of her credit

reports and assisting in obtaining "corrections or other actions to assist" her so that her reports could "be [] accurate and, therefore, beneficial to [her] as possible." (Id. at 1). Lastly, the Agreement constitutes "the entire Agreement… and supersedes any and all prior agreements with respect thereto." (Id. at 4).

Plaintiff's claims arise out of or relate to this agreement, and are therefore subject to the forum selection clause. The Ninth circuit in Yei A. Sun, provided that a dispute "arises out" of an agreement when it "relat[es] to the interpretation and performance of the contract itself." Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1086 (9th Cir. 2018) (quoting Cape Flattery Ltd. V. Titan Marc., LLC, 647 F.3d 914, 922 (9th Cir. 2011). Similarly, a dispute "relates to" an agreement if it either references the agreement or has some "logical or causal connection" to it. Yei A. Sun, 901 F.3d at 1086 (citing John Wyeth & Bro. Ltd. V. CIGNA Int'l Corp., 119 F.3d 1070, 1074 (3rd Cir. 1997)). Here, Plaintiff's claims both arise out of and relate to the Agreement. Specifically, the claims "arise of" the agreement because Plaintiff contacted Awesome Life to use its services in an effort to improve her credit, and entered into the Contract to use its services for that purpose. Plaintiff's core contention is that Awesome Life failed to fulfill its contractual promise because it failed to get her bankruptcy removed from her credit history, *i.e.*, performance of the contract itself. Plaintiffs' claims "relate to" the agreement because there is a clear causal connection: absent the Agreement, Plaintiff would have no relationship with Awesome Life at all and there would be no claim.

Moreover, the scope of the forum selection clause includes claims related to "Awesome Life Group, LLC services" and is not limited to claims related to the Agreement itself. Thus, the forum selection clause would apply even if Plaintiff's claims did not arise out of or relate to the Agreement.

Because the forum selection clause applies, *California, and even California federal court, are **not the proper venue** for this action.* Rather, Nungaray and Awesome Life agreed that the proper forum to resolve their alleged dispute would be

a court in Pennsylvania. (Exhibit 1, p. 4)  Plaintiff cannot dispute that this action could have been, or should have been, brought in the United States District Court, Western District of Pennsylvania.  Thus, Awesome Life respectfully requests that the Court dismiss this action under Rule 12(b)(3) and 28 U.S.C. § 1406.

**B.      Alternatively, the Case Should be Transferred.**

　　**1.      *Legal Standard***

28 U.S.C. § 1404(a) provides:  "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  The statute "does not condition transfer on the initial forum's being 'wrong' . . . [a]nd it permits transfer to any district where venue is also proper . . . or to any other district to which the parties have agreed by contract or stipulation." Atl. Marine Const. Co., Inc. v. United States District Court, 571 U.S. 49, 59 (2013).

When analyzing whether transfer is appropriate pursuant to a forum selection clause, the Court is "bound by the Supreme Court's direction in Atlantic Marine." Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1087 (9th Cir. 2018).  Under Atl. Marine, "a district court should ordinarily transfer the case to the forum specified in [the] [forum selection] clause." Atl. Marine, 571 U.S. at 62.  Unlike cases in which there is no forum selection clause, the plaintiff's choice of forum merits "no weight," and instead, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unreasonable. Id. at 63.  The "practical result" of Atl. Marine's holding is that that a forum selection clause should control except "under extraordinary circumstances unrelated to the convenience of the parties." Sun, 901 F.3d at 1088 (quoting Atl. Marine, 571 U.S. at 62).

Because Atl. Marine "provides little guidance [] regarding what constitutes an 'exceptional reason' or 'extraordinary circumstances' in which courts should not give controlling weight to a valid forum-selection clause," the Court must look to the

1  Supreme Court's prior guidance on this issue. Id. (citing M/S Bremen v. Zapata Off-
2  Shore Co., 407 U.S. 1 (1972)). Under M/S Bremen, a forum selection clause is
3  "prima facie valid and should be enforced unless enforcement is shown by the
4  resisting party to be 'unreasonable' under the circumstances." M/S Bremen, 407 U.S.
5  at 10. Enforcement of a forum selection clause is "unreasonable" if:

> (1) its incorporation into the contract was the result of
> fraud, undue influence, or overweening bargaining power;
> (2) the selected forum is so gravely difficult and
> inconvenient that the complaining party will for all practical
> purposes be deprived of its day in court; or (3) enforcement
> of the clause would contravene a strong public policy of the
> forum in which the suit is brought.

Argueta, 87 F.3d at 325 (quoting M/S Bremen, 407 U.S. at 10) (internal quotations and citations omitted).

In determining whether enforcement of a forum selection clause would be unreasonable, the Court may consider only public interest factors, which "rarely defeat a transfer motion." Atl. Marine, 571 U.S. at 64. Further, the Court "must deem all factors relating to the private interests of the parties (such as the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive') as weighing 'entirely in favor of the preselected forum.'" Sun, 901 F.3d at 1087-88 (quoting Atl. Marine, 571 U.S. at 64, n.6).

Based on this legal standard, Awesome Life brings this motion pursuant to 28 U.S.C. § 1404(a), seeking to transfer this action to the United States District Court, Western District of Pennsylvania based upon a forum selection clause contained in the parties' contract. (Exhibit 1, p. 4) Awesome Life contends that the forum selection clause is presumptively valid and enforceable; thus, this action should be

transferred to the United States District Court, Western District of Pennsylvania.

## C. **Validity of Forum Selection Clause.**

As an initial matter, the Court must determine whether the forum selection clause is valid. The Ninth Circuit has explained that "forum selection clauses are presumptively valid" and "should be honored 'absent some compelling and countervailing reason." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) quoting M/S Bremen, 407 U.S. at 12. "A forum selection clause is not unenforceable merely because parties have unequal bargaining power so long as the clause was reasonably communicated to the party or the party could have learned of its existence. White Knight Yacht LLC v. Certain Lloyds at Lloyd's London, 407 F. Supp. 3d 931, 945 (S.D. Cal. 2019). Indeed, "[t]he conditions of a form contract may be enforceable even if not read or negotiated by the challenging party, so long as that party was afforded the opportunity to do so." *Id.* Here, the forum selection clause was communicated to the Plaintiff on the face of the contract that she knowingly and voluntarily signed, with a larger-font, underlined heading stating "State Law, Venue, and Jurisdiction." (Exhibit 1, p. 4).

Because Plaintiff offers no bases on which to find the forum selection clause void, the Court should find that the forum selection clause is valid.

## D. **Enforceability of Forum Selection Clause.**

The Court must next consider whether "extraordinary circumstances" warrant overriding the valid forum selection clause contained in the parties' contract. (Exhibit 1, p. 4). They do not.

As an initial matter, Awesome Life posits that Plaintiff's claims in this action fall within the scope of the forum selection clause. The forum selection clause provides, in part: the "[s]ole and exclusive jurisdiction for any action or proceeding arising out of or related to this Agreement…or Awesome Life Group, LLC services shall be an appropriate state or federal court located in the State of Pennsylvania." (Exhibit 1, p. 4). Therefore, the forum selection clause applies to this dispute.

Next, the enforcement of the forum selection clause should be upheld because Plaintiff cannot show that the three M/S Bremen factors; namely, that the forum selection clause was procured by fraud, that transferring this case would deprive Plaintiff of her day in court, and that the forum selection clause would contravene California public policy, can or should apply.

### 1. *Fraud.*

Plaintiff cannot contest the enforceability of the forum selection clause based on the first M/S Bremen factor—fraud. "For a party to escape a forum selection clause on the grounds of fraud, it must show that 'the *inclusion of that clause in the contract* was the product of fraud or coercion.'" Richards v. Lloyd's of London, 135 F.3d 1289, 1297 (9th Cir. 1998) (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974)) (emphasis in original). In other words, any purported fraud relevant to this analysis must concern the forum selection clause specifically, not the contract more generally. Here, even if Plaintiff claims that her contract between herself and Awesome Life was a product of fraud, this is insufficient as a matter of law to evade the forum selection clause because Plaintiff has not alleged any facts indicating any fraud in connection with the insertion of a forum selection clause into her contract. Cyber Apps World, Inc. v. EMA Fin., LLC, No. 221CV01201JADVCF, 2021 WL 5707725, at *2 (D. Nev. Dec. 1, 2021) (finding forum selection cluse enforceable despite claim of fraud concerning conversion notices where it was not alleged there was fraud or overreaching "while negotiating the insertion of the forum-selection clause").

### 2. *Deprivation of Day in Court.*

Enforcement of a forum selection clause is unreasonable if "trial in the contractual forum will be so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court." M/S Bremen, 407 U.S. at 18. The Ninth Circuit has held that this exception to the default rule favoring enforcement of a forum selection clause is "difficult to satisfy." Sun, 901 F.3d at

1091. Indeed, where the parties have agreed to a forum selection clause, they "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. (quoting Atl. Marine, 571 U.S. at 64). As a result, a court must enforce a valid forum selection clause unless "the contractually selected forum affords the plaintiffs no remedies whatsoever." Id. (citing Weber v. PACT XPP Techs., AG, 811 F.3d 758, 774 (5th Cir. 2016)). Notably, "[i]t is the *availability* of a remedy that matters, not predictions of the likelihood of a win on the merits." Id. (quoting Weber, 811 F.3d at 774) (emphasis in original).

    First, Nungaray may argue she will be unable to compel the attendance of unwilling non-party witnesses. However, no such witnesses are identified in the Complaint, and Nungaray would need to show that any such witnesses would be unwilling to testify unless subpoenaed, or that they would not travel to Pennsylvania for trial. Moreover, even if these (hypothetical) witnesses were unwilling to appear at trial and cannot be subpoenaed by the Pennsylvania court, Plaintiff may depose them and use the deposition testimony and video at trial. Certainly, any difficulty in compelling a witness to testify is not a sufficient justification not to enforce the forum selection clause.

    Second, there can be no showing that Pennsylvania cannot provide Plaintiff with a remedy. The Ninth Circuit has held that a transferee forum's remedies need not be identical to a transferor forum's remedies. Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 723 (9th Cir. 1999). Rather, transfer is inappropriate only if the transferee court affords plaintiffs "no remedies whatsoever." Sun, 901 F.3d at 1091-92. "[T]he fact that *certain types of remedies* are unavailable in the foreign forum does not change the calculus if there exists a basically fair court system in that forum that would allow the plaintiff to seek some relief." Id. at 1092 (quoting Weber, 811 F.3d at 774) (emphasis in original). Plaintiff cannot contend that actual damages would not be available if another state's laws applied. As such, Plaintiff cannot establish that

1 recovery under Pennsylvania law or another state's law would be so insufficient as to
2 effectively deprive her of her day in court. See Cooper v. Slice Techs., Inc., No. 17-
3 CV-02340-LB, 2017 WL 4071373, at *4 (N.D. Cal. Sept. 14, 2017) (rejecting
4 argument that transfer violated public policy even though New York's privacy laws
5 did not provide for treble damages, unlike California law); see also In re Cathode Ray
6 Tube (CRT) Antitrust Litig., No. 1917, 2014 WL 1047207, at *4 (N.D. Cal. Mar. 13,
7 2014) ("despite the unavailability of treble damages, Sharp maintains that actual
8 damages could be available to it, which does not evince a lack of reasonable recourse
9 in the Japanese court system"); Sun, 901 F.3d at 1093 ("Given that the Suns retain
10 remedies under Washington securities law, California securities law, and California
11 common law, they have not carried their heavy burden to show that enforcement of
12 the forum selection clause would deprive them of their day in court.").

13 Plaintiff will have her day in court and will be remedied if she proves her
14 claims against Awesome Life.

15      **3.** *California's Public Policy Interests.*

16 The Court must also determine whether enforcement of the forum selection
17 clause would contravene California public policy. Consideration of public interest
18 factors alone will "rarely defeat" a forum selection clause. Atl. Marine, 571 U.S. at
19 64. Absent a total foreclosure of remedy in the transferee forum—which, as
20 previously explained, does not exist here—a forum selection clause is only
21 unreasonable when it contravenes a policy specifically related to venue. Jones, 211
22 F.3d at 497-98. Thus, any purported policy interest must be specifically tethered to
23 this venue: California.

24 Moreover, as to California's interest in enforcing its laws, Nungaray is free to
25 pursue her claims in the Pennsylvania court, which could competently apply
26 California law. Atl. Marine, 571 U.S. at 67; see Wallace v. Int'l Paper Co., No.
27 SACV2000242JVSDFMX, 2020 WL 4938361, at *7 (C.D. Cal. July 2, 2020)
28 ("'since other federal courts are fully capable of applying California law, this factor

weighs only slightly against transfer'") (quoting Karl v. Zimmer Biomet Holdings, Inc., No. C 18-04176 WHA, 2018 WL 5809428, at *6 (N.D. Cal. Nov. 6, 2018); see, e.g., Bay Women's Health, Inc. v. gloStream, Inc., No. C 14-00712 WHA, 2014 WL 1618382, at *3 (N.D. Cal. April 21, 2014) (finding transfer was appropriate where "the transferee court [could] decide to apply the substantive law sought by plaintiffs" and plaintiffs "failed to identify a fundamental policy underlying California's Unfair Competition Act that relate[d] to *venue*") (emphasis in original). The claims sued upon by Nungaray are not so unique that a Pennsylvania court could not competently adjudicate the issues raised by the Complaint.

In addition, although California may have an interest in providing its residents with a forum for redressing injuries, where "'defendants are not California corporations, California has little interest in keeping the litigation in this state to deter future wrongful conduct.'" Wallace v. Int'l Paper Co., No. SACV2000242JVSDFMX, 2020 WL 4938361, at *7 (C.D. Cal. July 2, 2020) (quoting Guimei v. Gen. Elec. Co., 172 Cal.App.4th 689, 703 (2009)). Here, Awesome Life is a Pennsylvania, LLC with its principal place of business in Pittsburgh, Pennsylvania. (Complaint, ¶ 5). Therefore, Pennsylvania's interest in deterring wrongful conduct by a Pennsylvania citizen is at least as great as California's interest in adjudicating claims against an out-of-state defendant in its courts.

For all of these reasons, the forum selection clause is enforceable and transfer to the United States District Court, Western District of Pennsylvania is warranted.

**E.     Court's Discretion to Retain the Case.**

The Court should not exercise its discretion, pursuant to § 1404(a), to retain jurisdiction over this matter notwithstanding the validity and enforceability of the forum selection clause.[1] Again, here, the parties agreed to a forum selection clause

---

[1] "The Central District is one of the busiest courts in America." Reddy v. Mediscribes, Inc., No.

designating the United States District Court, Western District of Pennsylvania as the proper venue for litigation. Thus, even if a substantial part of the conduct at issue occurred in California and in this District, the forum selection clause must be enforced except under "extraordinary circumstances." Atl. Marine, 571 U.S. at 62. As previously shown, extraordinary circumstances do not exist in this action.

## III.
## CONCLUSION

For the foregoing reasons, the Court should grant this motion, and dismiss this action or, alternatively, to transfer it to the United States District Court, Western District of Pennsylvania.

DATED:  September 14, 2023          **MURCHISON & CUMMING, LLP**


By:      */s/ Gina E. Och*
         Dan L. Longo
         Gina E. Och
         Attorneys for Defendant, AWESOME LIFE GROUP, LLC

---

EDCV 19-1677 JGB (SPx), 2020 WL 2220202, at *7 (C.D. Cal. Feb. 18, 2020) (quoting Hassanati v. Int'l Lease Fin. Corp., No. CV 11-02251 MMM (MAN), 2012 WL 12950285, at *16 (C.D. Cal. August 3, 2012).

## PROOF OF SERVICE

**Jessica Nungaray vs. Awesome Life Group, LLC**
**5:23-cv-01264-SSS-JC**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, Ninth Floor, Los Angeles, CA 90017-4613.

On September 15, 2023, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRANDON WEAVER** on the interested parties in this action.

**BY E-MAIL OR ELECTRONIC TRANSMISSION**: Pursuant to the E-Filing System of the United States District Court, Central District of California, to the parties at the e-mail addresses on the Court's website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 15, 2023, at Los Angeles, California.

_____
Michelle L. Fisher